# EXHIBIT A



 No Items in Cart   LOGOUT   atolin

Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 230201627 |
| **Case Caption:** | WILLIAMS VS JOHN MIDDLETON COMPANY ETAL |
| **Filing Date:** | Wednesday, February 15th, 2023 |
| **Court:** | MAJOR NON JURY EXPEDITED |
| **Location:** | CITY HALL |
| **Jury:** | NON JURY |
| **Case Type:** | PRODUCT LIABILITY |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

| Motion | Assign/Date | Control No | Date/Received | Judge |
|---|---|---|---|---|
| MOTION TO DISMISS | *pending* | 23033055 | 14-MAR-2023 | COYLE, ANNE MARIE B |

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | GAYNIER, KELSEY |
| **Address:** 1800 JOHN F. KENNEDY BOULEVARD SUITE 810 PHILADELPHIA PA 19103 (215)564-1800 gaynierk@jchaikenlaw.com | | **Aliases:** *none* | | |
| | | | | |
| 2 | 1 | | PLAINTIFF | WILLIAMS, CHARLES |
| **Address:** 5919 HAVERFORD AVENUE 2ND FLOOR | | **Aliases:** *none* | | |

| | | | | |
|---|---|---|---|---|
| | PHILADELPHIA PA 19151 | | | |
| | | | | |
| 3 | | | DEFENDANT | JOHN MIDDLETON COMPANY |
| Address: | 418 W. CHURCH ROAD KING OF PRUSSIA PA 19406 | Aliases: | none | |
| | | | | |
| 4 | | | DEFENDANT | LEIGA IMPORT CORPORATION |
| Address: | 19800 MACARTHUR BOULEVARD SUITE 300 IRVINE CA 92612 | Aliases: | none | |
| | | | | |
| 5 | | | DEFENDANT | AMAR REALTY CO INC |
| Address: | 18 MARLBORO STREET UPPER DARBY PA 19083 | Aliases: | none | |
| | | | | |
| 6 | | | DEFENDANT | GAS & COMPANY LLC |
| Address: | 29 BALA AVENUE BALA CYNWYD PA 19004 | Aliases: | none | |
| | | | | |
| 7 | | | DEFENDANT | JOHN MIDDLETON COMPANY |
| Address: | 2325 BELLS ROAD RICHMOND VA 23234 | Aliases: | none | |
| | | | | |
| 8 | | | DEFENDANT | ALTRIA GROUP INC |
| Address: | 6601 W. BROAD STREET RICHMOND VA 23230 | Aliases: | none | |
| | | | | |
| 9 | | | MOTION ASSIGMENT JUDGE | LEVIN, CRAIG R |
| Address: | CITY HALL PHILADELPHIA PA 19107 | Aliases: | none | |
| | | | | |
| 10 | | | TEAM LEADER | FLETMAN, ABBE F |

| Address: | 229A CITY HALL<br>PHILADELPHIA PA 19107<br>(215)686-2636 | Aliases: | *none* |
|---|---|---|---|

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 15-FEB-2023 03:40 PM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2302032131 | | |
| | | | |
| 15-FEB-2023 03:40 PM | COMMENCEMENT OF CIVIL ACTION | GAYNIER, KELSEY | |
| **Documents:** | ⚐ Click link(s) to preview/purchase the documents<br>Final Cover | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 15-FEB-2023 03:40 PM | COMPLAINT FILED NOTICE GIVEN | GAYNIER, KELSEY | |
| **Documents:** | ⚐ Click link(s) to preview/purchase the documents<br>Charles Williams Complaint.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| 15-FEB-2023 03:40 PM | WAITING TO LIST CASE MGMT CONF | GAYNIER, KELSEY | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 14-MAR-2023 12:46 PM | MOTION TO DISMISS | GAYNIER, KELSEY | |
| **Documents:** | ⚐ Click link(s) to preview/purchase the documents<br>Williams Rule 229b Motion.pdf<br>Motion CoverSheet Form | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | 55-23033055 RESPONSE DATE 04/03/2023. (FILED ON BEHALF OF CHARLES WILLIAMS) | | |

▶ Case Description      ▶ Related Cases      ▶ Event Schedule      ▶ Case Parties      ▶ Docket Entries

E-Filing System     Search Home

▶ Case Description      ▶ Related Cases      ▶ Event Schedule      ▶ Case Parties      ▶ Docket Entries

E-Filing System     Search Home

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**FEBRUARY 2023**

E-Filing Number: 2302032131

**001627**

| | |
|---|---|
| PLAINTIFF'S NAME<br>CHARLES WILLIAMS | DEFENDANT'S NAME<br>JOHN MIDDLETON COMPANY |
| PLAINTIFF'S ADDRESS<br>5919 HAVERFORD AVENUE 2ND FLOOR<br>PHILADELPHIA PA 19151 | DEFENDANT'S ADDRESS<br>418 W. CHURCH ROAD<br>KING OF PRUSSIA  PA 19406 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>LEIGA IMPORT CORPORATION |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>19800 MACARTHUR BOULEVARD SUITE 300<br>IRVINE CA 92612 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>AMAR REALTY CO., INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>18 MARLBORO STREET<br>UPPER DARBY PA 19083 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 6 | ☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration ☐ Mass Tort ☐ Commerce ☐ Settlement<br>☐ Jury ☐ Savings Action ☐ Minor Court Appeal ☐ Minors<br>☒ Non-Jury ☐ Petition ☐ Statutory Appeals ☐ W/D/Survival<br>☐ Other: _____ |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

FEB **15** 2023

**S. RICE**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES            NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CHARLES WILLIAMS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>KELSEY L. GAYNIER | ADDRESS<br>1800 JFK BLVD<br>SUITE 810<br>PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER (215)564-1800 | FAX NUMBER (215)564-5524 | |
| SUPREME COURT IDENTIFICATION NO.<br>311269 | E-MAIL ADDRESS<br>gaynierk@jchaikenlaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*KELSEY GAYNIER* | DATE SUBMITTED<br>Wednesday, February 15, 2023, 03:40 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. JOHN MIDDLETON COMPANY
    418 W. CHURCH ROAD
    KING OF PRUSSIA  PA 19406
2. LEIGA IMPORT CORPORATION
    19800 MACARTHUR BOULEVARD SUITE 300
    IRVINE CA 92612
3. AMAR REALTY CO., INC.
    18 MARLBORO STREET
    UPPER DARBY PA 19083
4. GAS & CO., LLC
    29 BALA AVENUE
    BALA CYNWYD PA 19004
5. JOHN MIDDLETON COMPANY
    2325 BELLS ROAD
    RICHMOND VA 23234
6. ALTRIA GROUP, INC.
    6601 W. BROAD STREET
    RICHMOND VA 23230

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CIVIL TRIAL DIVISION**

*Filed and Attested by the
Office of Judicial Records
15 FEB 2023 03:40 pm
S. RICE*

Charles Williams                                             :
5919 Haverford Ave, 2ⁿᵈ Floor                                :
Philadelphia, PA 19151                                       :
                                                             :        TERM, 2023
                                  vs.                        :
                                                             :        No.:
John Middleton Company                                       :
2325 Bells Road
Richmond, VA, 23234-2274
and
418 W Church Rd
King of Prussia, PA 19406

                        And

Altria Group, Inc.
6601 West Broad Street
Richmond, VA 23230

                        And

Leiga Import Corporation
19800 Macarthur Blvd Ste 300
Irvine, California, 92612

                        And

Amar Realty Co, Inc.
18 Marlboro Street
Upper Darby, PA 19083

                        And

Gas & Co, LLC
29 Bala Avenue
Bala Cynwyd, PA 19004

Case ID: 230201627

# NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IN-MEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL

ASSOCIATION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFERENCIA LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefona: (215) 238-6333
TTY: (215) 451-6197

Case ID: 230201627

## CIVIL ACTION COMPLAINT

1. Plaintiff, Charles Williams, is a citizen and resident of the County of Philadelphia in the Commonwealth of Pennsylvania and resides at the above captioned address.

2. Defendant, Altria Group, Inc., is a business corporation qualified to do business and regularly conducts business in the County of Philadelphia in the Commonwealth of Pennsylvania with its corporate headquarters located at the above captioned address.

3. Defendant, John Middleton Company., is a business corporation qualified to do business and regularly conducts business in the County of Philadelphia in the Commonwealth of Pennsylvania with its corporate headquarters located at the above captioned address.

4. Defendant, Leiga Import Corporation, is a business corporation qualified to do business and regularly conducts business in the County of Philadelphia in the Commonwealth of Pennsylvania with its corporate headquarters located at the above captioned address.

5. Defendant, Amar Realty Co, Inc., is a business corporation qualified to do business and regularly conducts business in the County of Philadelphia in the Commonwealth of Pennsylvania with its corporate headquarters located at the above captioned address.

6. Defendant, Gas & Co, LLC., is a business corporation qualified to do business and regularly conducts business in the County of Philadelphia in the Commonwealth of Pennsylvania with its corporate headquarters located at the above captioned address.

7. At all times material hereto, all Defendants' agents, servants, workmen and/or employees were under the direct control and supervision of the Defendant and were acting within the course and scope of their employment and/or authority and within the usual course of said Defendant business.

8. Jurisdiction is conferred upon this Court pursuant to 42 Pa.C.S. § 5301 since Defendants continuously and systematically conducts and/or transacts a part of its general business within the Commonwealth of Pennsylvania.

9. Venue in this Court is proper pursuant to Pa.R.C.P. 2179, since Defendants regularly conducts business within the County of Philadelphia.

10. On or about November 18, 2021, Plaintiff Charles Williams purchased a pack of "Black and Mild" brand cigars/cigarillos and a LEIGA lighter from a "Gas n Go" convenience station located at 27-33 Cobbs Creek Parkway in Philadelphia, PA 19139.

11. Shortly thereafter when Plaintiff attempted to light one of the Black and Mild cigars/cigarillos with the LEIGA lighter, when its flame and the cigar/cigarillo exploded in his face, head, neck, arms and hands causing severe and permanent injuries, including 3rd degree burns to his body, scarring, severe shock to his nerves and nervous system, and

Case ID: 230201627

emotional pain and anguish, all of which injuries have caused Plaintiff great pain and suffering and may continue for an indefinite time in the future and will be permanent.

12. Solely as a result of Plaintiff's injuries, Plaintiff has and will in the future be obliged to expend monies for medicine and medical care in order to treat and help cure his injuries.

13. Solely as a result of Plaintiff's injuries, Plaintiff has and will in the future be unable to attend to some of his usual and daily duties.

14. As a further result of the accident, Plaintiff is undergoing great physical pain and mental anguish, and will continue to endure same into the future to his great detriment and loss.

15. At all times material hereto, Defendants Altria Group, Inc. and John Middleton Company (hereinafter "Cigar Defendants") were regularly engaged in the business of designing, marketing, creating, supplying, manufacturing, distributing and selling the "Black and Mild" brand cigars/cigarillos, which is the subject of this Complaint.

16. At all times material hereto, Defendant Leiga Import Corporation (hereinafter "Lighter Defendant") was regularly engaged in the business of designing, marketing, creating, supplying, manufacturing, distributing and selling the "LEIGA" brand lighters, which is the subject of this Complaint.

17. At all times material hereto, Defendants Amar Realty Co, Inc. and Gas & Co, LLC (hereinafter "Store Defendants" ) were regularly engaged in the business of distributing and selling the "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighters to the general public, which is the subject of this Complaint.

18. At all times material hereto, Defendants Altria Group, Inc. and John Middleton Company (hereinafter "Cigar Defendants") possessed, maintained and controlled the "Black and Mild" brand cigars/cigarillos, which is the subject of this Complaint.

19. At all times material hereto, Leiga Import Corporation (hereinafter "Lighter Defendant") possessed, maintained and controlled "LEIGA" brand lighter, which is the subject of this Complaint.

20. At all times material hereto, Amar Realty Co, Inc. and Gas & Co, LLC (hereinafter "Store Defendants" possessed, maintained and controlled the "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighters, which is the subject of this Complaint.

21. At all times material hereto, Defendants knew, should and/or could have reasonably known that the "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighters that caused Plaintiff's injuries that was manufactured, produced, sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce by them, to Plaintiff and other consumers, was defective, ultra-hazardous, dangerous and otherwise highly harmful to the Plaintiff.

Case ID: 230201627

## COUNT I
## NEGLIGENCE AND PRODUCTS LIABILITY
## CIGAR DEFENDANTS

22. Plaintiff hereby incorporates all the paragraphs of this Complaint by reference as if fully set forth at length herein.

23. Cigar Defendants designed, marketed, created, supplied, manufactured, distributed and sold the "Black and Mild" brand cigars/cigarillos, which is the subject of this Complaint, causing Plaintiff's injuries on or about November 18, 2021.

24. At all times material hereto, Cigar Defendants knew, should and/or could have reasonably known that the "Black and Mild" brand cigars/cigarillos that caused Plaintiff's injuries that was manufactured, produced, sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce by them, to Store Defendant, Plaintiff and other consumers, were defective, ultra-hazardous, dangerous and otherwise highly harmful to the Plaintiff.

25. At all times material hereto, Plaintiff, as a business consumer, licensee and invitee that was expected use the "Black and Mild" brand cigars/cigarillos that was manufactured, produced, sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce by Cigar Defendants, to Plaintiff and other consumers.

26. Plaintiff did not and could not know of the nature and extent of the danger this defective "Black and Mild" brand cigars/cigarillos would cause to his body, including the various systems, organs and tissues therein, from exploding into his face, head and body.

27. At all times material hereto, each of the Cigar Defendants knew, should and/or could have reasonably determined that Plaintiff would be injured due to this dangerous and defective "Black and Mild" brand cigars/cigarillos during the ordinary and foreseeable use of said product.

28. Despite this knowledge, each Cigar Defendant reasonably knew, could and/or should have known, through the exercise of due diligence, that this dangerous and defective "Black and Mild" brand cigars/cigarillos was harmful, hazardous and defective, and inter alia:

    a. Were aware that this dangerous and defective "Black and Mild" brand cigars/cigarillos was harmful, hazardous and defective, and therefore should not be manufactured, produced, sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce by them;

    b. Knowingly, willfully, recklessly and intentionally manufactured, produced, sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce the dangerous and defective "Black and Mild" brand cigars/cigarillos

Case ID: 230201627

that caused Plaintiff's injuries knowing that it was a harmful, hazardous and defective product;

c.  Failed to provide Plaintiff with any warnings or notices, or sufficient or adequate warnings or notices that would have provided her with knowledge as to the dangers and potential risks of the harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos;

d.  Breached their duty to protect the Plaintiff against injuries due to using this harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos;

e.  Continued to manufacture, produce, process, sell, market, distribute, supply and/or otherwise place into the stream of commerce this harmful, hazardous and defective door and plexiglass harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos despite knowledge of its danger;

f.  Are negligent per se for failure to comply with all federal, state, local and trade statutes, codes, regulations and ordinances relating to their harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos, actions required to determine and analyze the hazardous nature of their products, and the warnings and instructions accompanying same;

g.  Failed to take all reasonable, necessary, proper and prudent measures to test their harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos to determine the products' potential defects and harm during the ordinary, intended and foreseeable use thereof; and

h.  Failed to take all reasonable, necessary, proper and prudent measures to make sure that their harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos was rendered safe for its intended and foreseeable use.

i.  Failure to repair, modify and make safe said defective product once Defendants had knowledge of its defectiveness and dangerous propensities alone and when interacting with the other subject dangerous and defective product;

j.  Defendants have withheld or misrepresented information or material relevant to adhering to and abiding by the safety standards and regulations set forth by state, federal and local governments as to the subject defective products and their interaction with each other.

k.  Exposing the Plaintiff to unreasonable risk of harm; and

l. Otherwise acting in a careless and negligent manner.

29. At all times material hereto, the actions of all Defendants amounted to gross negligence, recklessness and indifference to the rights and safety of Plaintiff.

30. As a direct result of the Defendants' carelessness and negligence, the Plaintiff sustained severe and permanent injuries internally and externally in and about his body and limbs, including but not limited to: 3rd degree burns to his body, scarring, severe shock to his nerves and nervous system, and emotional pain and anguish, injuries to his head, neck, back, shoulders, face and body all of which have caused him and will continue to cause him great pain, suffering, embarrassment, humiliation and loss of life's pleasures.

31. Plaintiff avers that he may have sustained other injuries and aggravated pre-existing conditions due to Defendant's negligence and carelessness.

32. As a result, of the aforesaid accident, Plaintiff has suffered great physical pain and mental anguish, all of which may continue in the future.

33. As a result of the aforesaid, Plaintiff has been and/or may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure herself of the injuries sustained as aforesaid, any and all of which may continue to her great financial loss and detriment.

34. Further Plaintiff has been or may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of his earning capacity.

35. Further, Plaintiff as a result of this accident, has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities and/or a shortening of his life expectancy to his great detriment and loss.

36. Plaintiff in no manner contributed to his injuries which resulted from the direct negligence of the Defendant by their agent, servant, workman and/or employee.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff prays for judgment from Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including costs, interest and attorney fees.

<u>**COUNT II**</u>
<u>**NEGLIGENCE AND PRODUCTS LIABILITY**</u>
<u>**LIGHTER DEFENDANT**</u>

Case ID: 230201627

37. Plaintiff hereby incorporates all the paragraphs of this Complaint by reference as if fully set forth at length herein.

38. Lighter Defendant designed, marketed, created, supplied, manufactured, distributed and sold the "LEIGA" brand lighter, which is the subject of this Complaint, causing Plaintiff's injuries on or about November 18, 2021.

39. At all times material hereto, Lighter Defendant knew, should and/or could have reasonably known that the "LEIGA" brand lighter that caused Plaintiff's injuries that was manufactured, produced, sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce by them, to Store Defendant, Plaintiff and other consumers, were defective, ultra-hazardous, dangerous and otherwise highly harmful to the Plaintiff.

40. At all times material hereto, Plaintiff, as a business consumer, licensee and invitee that was expected use the ""LEIGA" brand lighter that was manufactured, produced, sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce by Cigar Defendants, to Plaintiff and other consumers.

41. Plaintiff did not and could not know of the nature and extent of the danger this defective ""LEIGA" brand lighter would cause to his body, including the various systems, organs and tissues therein, from exploding into his face, head and body.

42. At all times material hereto, each of the Lighter Defendants knew, should and/or could have reasonably determined that Plaintiff would be injured due to this dangerous and defective "LEIGA" brand lighter during the ordinary and foreseeable use of said product.

43. Despite this knowledge, Lighter Defendant reasonably knew, could and/or should have known, through the exercise of due diligence, that this dangerous and defective "LEIGA" brand lighter was harmful, hazardous and defective, and inter alia:

    a. Were aware that this dangerous and defective ""LEIGA" brand lighter was harmful, hazardous and defective, and therefore should not be manufactured, produced, sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce by them;

    b. Knowingly, willfully, recklessly and intentionally manufactured, produced, sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce the dangerous and defective "LEIGA" brand lighter that caused Plaintiff's injuries knowing that it was a harmful, hazardous and defective product;

    c. Failed to provide Plaintiff with any warnings or notices, or sufficient or adequate warnings or notices that would have provided her with knowledge as to the

Case ID: 230201627

dangers and potential risks of the harmful, hazardous, defective and dangerous and defective "LEIGA" brand lighter;

d. Breached their duty to protect the Plaintiff against injuries due to using this harmful, hazardous, defective and dangerous and defective ""LEIGA" brand lighter;

e. Continued to manufacture, produce, process, sell, market, distribute, supply and/or otherwise place into the stream of commerce this harmful, hazardous and defective door and plexiglass harmful, hazardous, defective and dangerous and defective "LEIGA" brand lighter despite knowledge of its danger;

f. Are negligent per se for failure to comply with all federal, state, local and trade statutes, codes, regulations and ordinances relating to their harmful, hazardous, defective and dangerous and defective "LEIGA" brand lighter, actions required to determine and analyze the hazardous nature of their products, and the warnings and instructions accompanying same;

g. Failed to take all reasonable, necessary, proper and prudent measures to test their harmful, hazardous, defective and dangerous and defective "LEIGA" brand lighter to determine the products' potential defects and harm during the ordinary, intended and foreseeable use thereof; and

h. Failed to take all reasonable, necessary, proper and prudent measures to make sure that their harmful, hazardous, defective and dangerous and defective "LEIGA" brand lighter was rendered safe for its intended and foreseeable use.

i. Exposing the Plaintiff to unreasonable risk of harm;

j. Negligently and defectively designing the lighter as to prevent it from becoming over pressurized when exposed to normal anticipated environments;

k. Failure to warn anticipated users that the subject lighter is over-pressurized and may cause excessive release of fluid/vapor to burn someone when the internal pressure is too high;

l. Negligently and defectively designing the lighter in allowing excessive flow of vapor and liquid from the lighter;

m. Negligently and defectively distributing, manufacturing and designing the lighter so that it was caused to be over-pressurized;

n. Negligently and defectively distributing, manufacturing and designing the lighter so that it was caused to produce an excessive flow of butane vapor/liquid out of the lighter;

Case ID: 230201627

o. Negligently monitoring the manufacturing, design, and distribution process, procurement of parts, and the assembly of such parts thus allowing for the negligent and reckless design, manufacture and distribution of a lighter that spews excessive amounts of flammable liquid creating a dangerous hazard;

p. Failing to perform adequate quality assurance;

q. Failing to perform adequate testing of the lighter once fully assembled and ready for distribution;

r. Failure to repair and make safe said defective product once Defendants had knowledge of its defectiveness and dangerous propensities alone and when interacting with the other subject dangerous and defective product;

s. Defendants have withheld or misrepresented information or material relevant to adhering to and abiding by the safety standards and regulations set forth by state, federal and local governments as to the subject defective products and their interaction with each other;

t. Otherwise acting in a careless and negligent manner.

44. At all times material hereto, the actions of all Defendants amounted to gross negligence, recklessness and indifference to the rights and safety of Plaintiff.

45. As a direct result of the Defendants' carelessness and negligence, the Plaintiff sustained severe and permanent injuries internally and externally in and about his body and limbs, including but not limited to: inc3rd degree burns to his body, scarring, severe shock to his nerves and nervous system, and emotional pain and anguish, injuries to his head, neck, back, shoulders, face and body all of which have caused him and will continue to cause him great pain, suffering, embarrassment, humiliation and loss of life's pleasures.

46. Plaintiff avers that he may have sustained other injuries and aggravated pre-existing conditions due to Defendant's negligence and carelessness.

47. As a result, of the aforesaid accident, Plaintiff has suffered great physical pain and mental anguish, all of which may continue in the future.

48. As a result of the aforesaid, Plaintiff has been and/or may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure

Case ID: 230201627

herself of the injuries sustained as aforesaid, any and all of which may continue to her great financial loss and detriment.

49. Further Plaintiff has been or may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of his earning capacity.

50. Further, Plaintiff as a result of this accident, has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities and/or a shortening of his life expectancy to his great detriment and loss.

51. Plaintiff in no manner contributed to his injuries which resulted from the direct negligence of the Defendant by their agent, servant, workman and/or employee.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff prays for judgment from Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including costs, interest and attorney fees.

## COUNT III
## NEGLIGENCE AND PRODUCTS LIABILITY
## STORE DEFENDANTS

52. Plaintiff hereby incorporates all the paragraphs of this Complaint by reference as if fully set forth at length herein.

53. Store Defendants sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce the harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter, which is the subject of this Complaint, causing Plaintiff's injuries on or about November 18, 2021.

54. At all times material hereto, Store Defendant knew, should and/or could have reasonably known that the harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter that caused Plaintiff's injuries that was sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce by them, to Plaintiff and other consumers, were defective, ultra-hazardous, dangerous and otherwise highly harmful to the Plaintiff.

55. At all times material hereto, Plaintiff, as a business consumer, licensee and invitee that was expected use the harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter that was sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce by Store Defendants, to Plaintiff and other consumers.

56. Plaintiff did not and could not know of the nature and extent of the danger this harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter would cause to his body, including the various systems, organs and tissues therein, from exploding into his face, head and body.

57. At all times material hereto, each of the Store Defendants knew, should and/or could have reasonably determined that Plaintiff would be injured due to this harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter during the ordinary and foreseeable use of said product.

58. Despite this knowledge, Store Defendants reasonably knew, could and/or should have known, through the exercise of due diligence, that this harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter was harmful, hazardous and defective, and inter alia:

   a. Were aware that this harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter was harmful, hazardous and defective, and therefore should not be sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce by them;

   b. Knowingly, willfully, recklessly and intentionally sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce the harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter that caused Plaintiff's injuries knowing that it was harmful, hazardous and defective products;

   c. Failed to provide Plaintiff with any warnings or notices, or sufficient or adequate warnings or notices that would have provided him with knowledge as to the dangers and potential risks of the harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter;

   d. Breached their duty to protect the Plaintiff against injuries due to using this harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter;

   e. Continued to sell, market, distribute, supply and/or otherwise place into the stream of commerce this harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter despite knowledge of its danger;

   f. Are negligent per se for failure to comply with all federal, state, local and trade statutes, codes, regulations and ordinances relating to their harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter, actions required to determine and analyze the

hazardous nature of their products, and the warnings and instructions accompanying same;

g.  Failed to take all reasonable, necessary, proper and prudent measures to test their harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter to determine the products' potential defects and harm during the ordinary, intended and foreseeable use thereof; and

h.  Failed to take all reasonable, necessary, proper and prudent measures to make sure that their harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter was rendered safe for its intended and foreseeable use.

i.  Failure to repair and make safe said defective products once Defendants had knowledge of their defectiveness and dangerous propensities alone and when interacting with each other;

**j.**  Defendants have withheld or misrepresented information or material relevant to adhering to and abiding by the safety standards and regulations set forth by state, federal and local governments as to the subject defective products and their interaction with each other.

k.  Exposing the Plaintiff to unreasonable risk of harm; and

l.  Otherwise acting in a careless and negligent manner.

59. At all times material hereto, the actions of all Defendants amounted to gross negligence, recklessness and indifference to the rights and safety of Plaintiff.

60. As a direct result of the Defendants' carelessness and negligence, the Plaintiff sustained severe and permanent injuries internally and externally in and about his body and limbs, including but not limited to: inc3rd degree burns to his body, scarring, severe shock to his nerves and nervous system, and emotional pain and anguish, injuries to his head, neck, back, shoulders, face and body all of which have caused him and will continue to cause him great pain, suffering, embarrassment, humiliation and loss of life's pleasures.

61. Plaintiff avers that he may have sustained other injuries and aggravated pre-existing conditions due to Defendant's negligence and carelessness.

62. As a result, of the aforesaid accident, Plaintiff has suffered great physical pain and mental anguish, all of which may continue in the future.

63. As a result of the aforesaid, Plaintiff has been and/or may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure herself of the injuries sustained as aforesaid, any and all of which may continue to her great financial loss and detriment.

64. Further Plaintiff has been or may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of his earning capacity.

65. Further, Plaintiff as a result of this accident, has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities and/or a shortening of his life expectancy to his great detriment and loss.

66. Plaintiff in no manner contributed to his injuries which resulted from the direct negligence of the Defendant by their agent, servant, workman and/or employee.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff prays for judgment from Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including costs, interest and attorney fees.

<u>**COUNT IV**</u>
<u>**BREACH OF WARRANTY**</u>
<u>**ALL DEFENDANTS**</u>

67. Plaintiff hereby incorporates all the paragraphs of this Complaint by reference as if fully set forth at length herein.

68. All Defendants breached the implied warranties of merchantability and fitness for a particular purpose in that the subject lighter and cigar/cigarillo was not fit for ordinary use or for the intended use for which it was purchased.

69. These breaches of implied warranty were a proximate cause of the incident made the basis of this suit, the injuries, and the damages sustained by the Plaintiff

**WHEREFORE**, for all of the foregoing reasons, Plaintiff prays for judgment from Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including costs, interest and attorney fees.

**COUNT V**
**BREACH OF WARRANTY**
**CIGAR DEFENDANTS**

70. Plaintiff hereby incorporates all the paragraphs of this Complaint by reference as if fully set forth at length herein.

71. The Cigar Defendants, individually, jointly and severally either expressly or impliedly warranted to Plaintiff that the harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos, manufactured, produced, sold, supplied, distributed or otherwise placed in the stream of commerce by them was reasonably fit and safe for its intended, stated and described purpose and use.

72. Each Cigar Defendant, individually, jointly and severally, breached said warranties to Plaintiff, in that their harmful, hazardous, defective and dangerous and defective "Black and Mild" brand cigars/cigarillos manufactured, produced, sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce by them was inherently defective, ultra-hazardous, dangerous, unfit for use, not properly merchantable and not safe, as marketed, for its foreseeable use and purpose.

73. As a direct result of the Defendants' carelessness and negligence, the Plaintiff sustained severe and permanent injuries internally and externally in and about his body and limbs, including but not limited to: 3rd degree burns to his body, scarring, severe shock to his nerves and nervous system, and emotional pain and anguish, injuries to his head, neck, back, shoulders, face and body all of which have caused him and will continue to cause him great pain, suffering, embarrassment, humiliation and loss of life's pleasures.

74. Plaintiff avers that he may have sustained other injuries and aggravated pre-existing conditions due to Defendant's negligence and carelessness.

75. As a result, of the aforesaid accident, Plaintiff has suffered great physical pain and mental anguish, all of which may continue in the future.

76. As a result of the aforesaid, Plaintiff has been and/or may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure herself of the injuries sustained as aforesaid, any and all of which may continue to her great financial loss and detriment.

77. Further Plaintiff has been or may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of his earning capacity.

78. Further, Plaintiff as a result of this accident, has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities and/or a shortening of his life expectancy to his great detriment and loss.

79. Plaintiff in no manner contributed to his injuries which resulted from the direct negligence of the Defendant by their agent, servant, workman and/or employee.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff prays for judgment from Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including costs, interest and attorney fees.

## COUNT VI
## BREACH OF WARRANTY
## LIGHTER DEFENDANT

80. Plaintiff hereby incorporates all the paragraphs of this Complaint by reference as if fully set forth at length herein.

81. The Lighter Defendant, individually, jointly and severally either expressly or impliedly warranted to Plaintiff that the harmful, hazardous, defective and dangerous and defective "LEIGA" brand lighter, manufactured, produced, sold, supplied, distributed or otherwise placed in the stream of commerce by them was reasonably fit and safe for its intended, stated and described purpose and use.

82. Lighter Defendant breached said warranties to Plaintiff, in that their harmful, hazardous, defective and dangerous and defective "LEIGA" brand lighter manufactured, produced, sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce by them was inherently defective, ultra-hazardous, dangerous, unfit for use, not properly merchantable and not safe, as marketed, for its foreseeable use and purpose.

83. As a direct result of the Defendants' carelessness and negligence, the Plaintiff sustained severe and permanent injuries internally and externally in and about his body and limbs, including but not limited to: 3rd degree burns to his body, scarring, severe shock to his nerves and nervous system, and emotional pain and anguish, injuries to his head, neck, back, shoulders, face and body all of which have caused him and will continue to cause him great pain, suffering, embarrassment, humiliation and loss of life's pleasures.

Case ID: 230201627

84. Plaintiff avers that he may have sustained other injuries and aggravated pre-existing conditions due to Defendant's negligence and carelessness.

85. As a result, of the aforesaid accident, Plaintiff has suffered great physical pain and mental anguish, all of which may continue in the future.

86. As a result of the aforesaid, Plaintiff has been and/or may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure herself of the injuries sustained as aforesaid, any and all of which may continue to her great financial loss and detriment.

87. Further Plaintiff has been or may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of his earning capacity.

88. Further, Plaintiff as a result of this accident, has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities and/or a shortening of his life expectancy to his great detriment and loss.

89. Plaintiff in no manner contributed to his injuries which resulted from the direct negligence of the Defendant by their agent, servant, workman and/or employee.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff prays for judgment from Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including costs, interest and attorney fees.

<u>**COUNT VII**</u>
<u>**BREACH OF WARRANTY**</u>
<u>**STORE DEFENDANTS**</u>

90. Plaintiff hereby incorporates all the paragraphs of this Complaint by reference as if fully set forth at length herein.

91. The Store Defendants, individually, jointly and severally either expressly or impliedly warranted to Plaintiff that the harmful, hazardous, defective and dangerous and defective "LEIGA" brand lighter and "Black and Mild" cigar/cigarillos, produced, sold, supplied, distributed or otherwise placed in the stream of commerce by them was reasonably fit and safe for its intended, stated and described purpose and use.

92. Lighter Defendant breached said warranties to Plaintiff, in that their harmful, hazardous, defective and dangerous and defective "LEIGA" brand lighter and "Black and Mild" cigar/cigarillos produced, sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce by them was inherently defective, ultra-hazardous, dangerous, unfit for use, not properly merchantable and not safe, as marketed, for its foreseeable use and purpose.

93. As a direct result of the Defendants' carelessness and negligence, the Plaintiff sustained severe and permanent injuries internally and externally in and about his body and limbs, including but not limited to: 3rd degree burns to his body, scarring, severe shock to his nerves and nervous system, and emotional pain and anguish, injuries to his head, neck, back, shoulders, face and body all of which have caused him and will continue to cause him great pain, suffering, embarrassment, humiliation and loss of life's pleasures.

94. Plaintiff avers that he may have sustained other injuries and aggravated pre-existing conditions due to Defendant's negligence and carelessness.

95. As a result, of the aforesaid accident, Plaintiff has suffered great physical pain and mental anguish, all of which may continue in the future.

96. As a result of the aforesaid, Plaintiff has been and/or may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure herself of the injuries sustained as aforesaid, any and all of which may continue to her great financial loss and detriment.

97. Further Plaintiff has been or may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of his earning capacity.

98. Further, Plaintiff as a result of this accident, has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities and/or a shortening of his life expectancy to his great detriment and loss.

99. Plaintiff in no manner contributed to his injuries which resulted from the direct negligence of the Defendant by their agent, servant, workman and/or employee.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff prays for judgment from Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including costs, interest and attorney fees.

## <u>COUNT VIII</u>

### STRICT LIABILITY
### CIGAR DEFENDANTS

100.    Plaintiff hereby incorporates all the paragraphs of this Complaint by reference as if fully set forth at length herein.

101.    The aforesaid incident and damages sustained by the Plaintiff were caused by the direct and proximate result of the strict liability conduct of Cigar Defendants by and through its agents, servants, employees or ostensible agents, including the following inter alia:

a.  Failing to properly and adequately design, manufacture, test, inspect, maintain, and adjust said product prior to and after the sale and distribution to determine that the subject "Black and Mild" brand cigars/cigarillos was not hazardous;

b.  Failing to properly and adequately design, manufacture, test, inspect, maintain, adjust and repair the components of the subject "Black and Mild" brand cigars/cigarillos;

c.  Failing to properly and adequately design and manufacture said product so as to eliminate the likelihood of its harm;

d.  Failing to properly and adequately design and manufacture said product so as to prevent people from being harmed by its use;

e.  Failing to conform with all industry standards and practices pertinent to the design, manufacture and sale of similar products to prevent people from being harmed by its use;

f.  Failing to conform with all industry standards and practices pertinent to said product so as to prevent people from being harmed by its use;

g.  Liability for design, manufacture and sale of a product incorporating component parts that were defective in construction and fabrication;

h.  Failing to implement and adhere to all necessary procedures and protocols for inspection of said product;

i.  Failing to properly and adequately inspect said components prior to the sale and/or distribution, and after all servicing to determine that said "Black and Mild" brand cigars/cigarillos would not be harmful and hazardous;

j.  Failing to design, manufacture and incorporate into said product safety devices and/or redundant devices which would prevent people from being harmed by its use;

k. Failing to properly design and manufacture said product with the result that the "Black and Mild" brand cigars/cigarillos were unsafe for its use and lacked all elements necessary to ensure its safe use;

l. Failing to inspect said product for design and manufacturing defects prior to sale and distribution;

m. Failing to provide all necessary warnings and instructional materials concerning the dangers of the product during consumer use;

n. Failure to repair and make safe said defective product once Defendants had knowledge of its defectiveness and dangerous propensities;

o. The Defendants had exclusive control of the instrumentality which caused Plaintiff's injuries;

p. Such injuries as the plaintiff sustained do not ordinarily occur in the absence of negligence;

q. The Plaintiff's injuries were a direct result of the Defendants' defective product.

102. As a direct result of the Defendants' carelessness and negligence, the Plaintiff sustained severe and permanent injuries internally and externally in and about his body and limbs, including but not limited to: 3rd degree burns to his body, scarring, severe shock to his nerves and nervous system, and emotional pain and anguish, injuries to his head, neck, back, shoulders, face and body all of which have caused him and will continue to cause him great pain, suffering, embarrassment, humiliation and loss of life's pleasures.

103. Plaintiff avers that he may have sustained other injuries and aggravated pre-existing conditions due to Defendant's negligence and carelessness.

104. As a result, of the aforesaid accident, Plaintiff has suffered great physical pain and mental anguish, all of which may continue in the future.

105. As a result of the aforesaid, Plaintiff has been and/or may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure herself of the injuries sustained as aforesaid, any and all of which may continue to her great financial loss and detriment.

106.    Further Plaintiff has been or may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of his earning capacity.

107.    Further, Plaintiff as a result of this accident, has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities and/or a shortening of his life expectancy to his great detriment and loss.

108.    Plaintiff in no manner contributed to his injuries which resulted from the direct negligence of the Defendant by their agent, servant, workman and/or employee.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff prays for judgment from Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including costs, interest and attorney fees.

## COUNT IX
## STRICT LIABILITY
## LIGHTER DEFENDANT

109.    Plaintiff hereby incorporates all the paragraphs of this Complaint by reference as if fully set forth at length herein.

110.    The aforesaid incident and damages sustained by the Plaintiff were caused by the direct and proximate result of the strict liability conduct of Lighter Defendant by and through its agents, servants, employees or ostensible agents, including the following inter alia:

    a.  Failing to properly and adequately design, manufacture, test, inspect, maintain, and adjust said product prior to and after the sale and distribution to determine that the subject "LEIGA" brand lighter was not hazardous;

    b.  Failing to properly and adequately design, manufacture, test, inspect, maintain, adjust and repair the components of the subject "LEIGA" brand lighter;

    c.  Failing to properly and adequately design and manufacture said product so as to eliminate the likelihood of its harm;

    d.  Failing to properly and adequately design and manufacture said product so as to prevent people from being harmed by its use;

Case ID: 230201627

e. Failing to conform with all industry standards and practices pertinent to the design, manufacture and sale of similar products to prevent people from being harmed by its use;

f. Failing to conform with all industry standards and practices pertinent to said product so as to prevent people from being harmed by its use;

g. Liability for design, manufacture and sale of a product incorporating component parts that were defective in construction and fabrication;

h. Failing to implement and adhere to all necessary procedures and protocols for inspection of said product;

i. Failing to properly and adequately inspect said components prior to the sale and/or distribution, and after all servicing to determine that said "LEIGA" brand lighter would not be harmful and hazardous;

j. Failing to design, manufacture and incorporate into said product safety devices and/or redundant devices which would prevent people from being harmed by its use;

k. Failing to properly design and manufacture said product with the result that the "LEIGA" brand lighter were unsafe for its use and lacked all elements necessary to ensure its safe use;

l. Failing to inspect said product for design and manufacturing defects prior to sale and distribution;

m. Failing to provide all necessary warnings and instructional materials concerning the dangers of the product during consumer use;

n. Failure to repair and make safe said defective product once Defendants had knowledge of its defectiveness and dangerous propensities;

o. The Defendants had exclusive control of the instrumentality which caused Plaintiff's injuries;

p. Such injuries as the plaintiff sustained do not ordinarily occur in the absence of negligence;

q. The Plaintiff's injuries were a direct result of the Defendants' defective product.

111.     As a direct result of the Defendants' carelessness and negligence, the Plaintiff sustained severe and permanent injuries internally and externally in and about his body

Case ID: 230201627

and limbs, including but not limited to: 3rd degree burns to his body, scarring, severe shock to his nerves and nervous system, and emotional pain and anguish, injuries to his head, neck, back, shoulders, face and body all of which have caused him and will continue to cause him great pain, suffering, embarrassment, humiliation and loss of life's pleasures.

112.    Plaintiff avers that he may have sustained other injuries and aggravated pre-existing conditions due to Defendant's negligence and carelessness.

113.    As a result, of the aforesaid accident, Plaintiff has suffered great physical pain and mental anguish, all of which may continue in the future.

114.    As a result of the aforesaid, Plaintiff has been and/or may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure herself of the injuries sustained as aforesaid, any and all of which may continue to her great financial loss and detriment.

115.    Further Plaintiff has been or may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of his earning capacity.

116.    Further, Plaintiff as a result of this accident, has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities and/or a shortening of his life expectancy to his great detriment and loss.

117.    Plaintiff in no manner contributed to his injuries which resulted from the direct negligence of the Defendant by their agent, servant, workman and/or employee.


**WHEREFORE**, for all of the foregoing reasons, Plaintiff prays for judgment from Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including costs, interest and attorney fees.


## COUNT X
## STRICT LIABILITY
## STORE DEFENDANTS

118.    Plaintiff hereby incorporates all the paragraphs of this Complaint by reference as if fully set forth at length herein.

119.     The aforesaid incident and damages sustained by the Plaintiff were caused by the direct and proximate result of the strict liability conduct of Store Defendant by and through its agents, servants, employees or ostensible agents, including the following inter alia:

    a.  Failing to properly and adequately test, inspect, maintain, and adjust said product prior to and after the sale and distribution to determine that the subject "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter were not hazardous;

    b.  Failing to properly and adequately test, inspect, maintain, adjust and repair the components of the subject "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter;

    c.  Failing to conform with all industry standards and practices pertinent to the sale of similar products to prevent people from being harmed by its use;

    d.  Failing to conform with all industry standards and practices pertinent to said product so as to prevent people from being harmed by its use;

    e.  Liability for sale of a product incorporating component parts that were defective in construction and fabrication;

    f.  Failing to implement and adhere to all necessary procedures and protocols for inspection of said product;

    g.  Failing to properly and adequately inspect said components prior to the sale and/or distribution, and after all servicing to determine that said "Black and Mild" brand cigars/cigarillos and "LEIGA" brand lighter would not be harmful and hazardous;

    h.  Failing to incorporate into said product safety devices and/or redundant devices which would prevent people from being harmed by its use;

    i.  Failing to inspect said product for design and manufacturing defects prior to sale and distribution;

    j.  Failing to provide all necessary warnings and instructional materials concerning the dangers of the product during consumer use;

    k.  Failure to repair, modify and make safe said defective product once Defendants had knowledge of its defectiveness and dangerous propensities;

    l.  The Defendants had exclusive control of the instrumentality which caused Plaintiff's injuries;

m. Such injuries as the plaintiff sustained do not ordinarily occur in the absence of negligence;

n. The Plaintiff's injuries were a direct result of the Defendants' defective product.

120. As a direct result of the Defendants' carelessness and negligence, the Plaintiff sustained severe and permanent injuries internally and externally in and about his body and limbs, including but not limited to: 3rd degree burns to his body, scarring, severe shock to his nerves and nervous system, and emotional pain and anguish, injuries to his head, neck, back, shoulders, face and body all of which have caused him and will continue to cause him great pain, suffering, embarrassment, humiliation and loss of life's pleasures.

121. Plaintiff avers that he may have sustained other injuries and aggravated pre-existing conditions due to Defendant's negligence and carelessness.

122. As a result, of the aforesaid accident, Plaintiff has suffered great physical pain and mental anguish, all of which may continue in the future.

123. As a result of the aforesaid, Plaintiff has been and/or may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure herself of the injuries sustained as aforesaid, any and all of which may continue to her great financial loss and detriment.

124. Further Plaintiff has been or may in the future be unable to work due to his injuries, with consequent loss of earnings and impairment of his earning capacity.

125. Further, Plaintiff as a result of this accident, has suffered a loss of the enjoyment of his usual duties, life's pleasures and activities and/or a shortening of his life expectancy to his great detriment and loss.

126. Plaintiff in no manner contributed to his injuries which resulted from the direct negligence of the Defendant by their agent, servant, workman and/or employee.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff prays for judgment from Defendants, individually, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00), together with such other and further relief as this Court deems just and appropriate, under the circumstances, including costs, interest and attorney fees.

JOSEPH CHAIKEN & ASSOCIATES, P.C.

                Kelsey Gaynier /s/
By:_____
                KELSEY L. GAYNIER, ESQ.

DATE: 2/15/23

Case ID: 230201627

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

| FOR COURT USE ONLY | |
|---|---|
| ASSIGNED TO JUDGE: | ANSWER/RESPONSE DATE:<br>04/03/2023 |

*Do not send Judge courtesy copy of Petition/Motion/Answer/Response.*
*Status may be obtained online at http://courts.phila.gov*

**CONTROL NUMBER:**

23033055

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

_____February_____ Term, 2023
*Month*                         *Year*

No. _____01627_____

Name of Filing Party:
CHARLES WILLIAMS-PLF

WILLIAMS VS JOHN MIDDLETON COMPANY ETAL

**INDICATE NATURE OF DOCUMENT FILED:**
☐ Petition *(Attach Rule to Show Cause)*   ☒ Motion
☐ Answer to Petition          ☐ Response to Motion

Has another petition/motion been decided in this case?   ☐ Yes  ☒ No
Is another petition/motion pending?   ☐ Yes  ☒ No
*If the answer to either question is yes, you must identify the judge(s):*

_____

| TYPE OF PETITION/MOTION (see list on reverse side)<br>MOTION TO DISMISS | PETITION/MOTION CODE<br>(see list on reverse side)<br>MTDIS |
|---|---|

ANSWER / RESPONSE FILED TO (Please insert the title of the corresponding petition/motion to which you are responding):

**I.  CASE PROGRAM**

OTHER PROGRAM

Court Type: MAJOR NON JURY EXPEDITED
Case Type: PRODUCT LIABILITY

**II.  PARTIES** *(required for proof of service)*
(Name, address and **telephone number** of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

KELSEY GAYNIER
  1800 JOHN F. KENNEDY BOULEVARD SUITE
  810 , PHILADELPHIA PA 19103
JOHN MIDDLETON COMPANY
  418 W. CHURCH ROAD , KING OF PRUSSIA
  PA 19406
LEIGA IMPORT CORPORATION
  19800 MACARTHUR BOULEVARD SUITE 300 ,
  IRVINE CA 92612
AMAR REALTY CO INC
  18 MARLBORO STREET , UPPER DARBY PA
  19083
GAS & COMPANY LLC
  29 BALA AVENUE  , BALA CYNWYD PA
  19004

**III.  OTHER**

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____          March 14, 2023          KELSEY GAYNIER          _____
*(Attorney Signature/Unrepresented Party)*          *(Date)*          *(Print Name)*          *(Attorney I.D. No.)*

**The Petition, Motion and Answer or Response, if any, will be forwarded to the Court after the Answer/Response Date.**
**No extension of the Answer/Response Date will be granted even if the parties so stipulate.**

30-1061B E-File# 2303031075
14-MAR-23 12:53:28

```
JOHN MIDDLETON COMPANY
  2325 BELLS ROAD , RICHMOND VA 23234
ALTRIA GROUP INC
  6601 W. BROAD STREET , RICHMOND VA
  23230
CRAIG R LEVIN
  CITY HALL , PHILADELPHIA PA 19107
```

FILED
14 MAR 2023 12:46 pm
Civil Administration
F. HEWITT

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| CHARLES WILLIAMS,<br><br>                   Plaintiff<br><br>         v.<br><br>JOHN MIDDLETON COMPANY,<br>LEIGA IMPORT CORPORATION, ALTRIA<br>GROUP, INC., AMAR REALTY CO, INC.,<br>AND GAS & CO, LLC,<br><br>                   Defendants | Case No. 230201627 |

ORDER

AND NOW THIS _____ day of _____, 2023, it is hereby

ORDERED AND DECREED THAT:

**In accordance with 231 Pa. Code § 229(b)(1), the Court dismiss without prejudice**

**Defendant, Altria Group, Inc. (hereafter "Altria"), from the above-captioned case.**

BY THE COURT:

_____
                              J.

Case ID: 230201627
Control No.: 23033055

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| CHARLES WILLIAMS,<br><br>               Plaintiff<br><br>     v.<br><br>JOHN MIDDLETON COMPANY,<br>LEIGA IMPORT CORPORATION, ALTRIA<br>GROUP, INC., AMAR REALTY CO, INC.,<br>AND GAS & CO, LLC,<br><br>               Defendants | Case No. 230201627 |

**PLAINTIFF'S RULE 229(B)(1) MOTION FOR COURT APPROVAL**
**OF DISCONTINUANCE AGAINST DEFENDANT ALTRIA GROUP, INC.**

In accordance with 231 Pa. Code § 229(b)(1), Plaintiff hereby requests the Court dismiss without prejudice Defendant, Altria Group, Inc. (hereafter "Altria"), from the above-captioned case. In support of this request, Plaintiff states the following:

1. On February 15, 2023, Plaintiff filed a Complaint in the above-captioned case.

2. On February 22, 2023, Plaintiff served Altria by first class mail. To date, Altria has not entered an appearance in this action, or responded to the Complaint.

3. On February 28, 2023, counsel for Altria informed Plaintiff's counsel that Altria is a holding company and does not manufacture tobacco products.

4. On March 1, 2023, Plaintiff's counsel agreed in writing to stipulate to dismiss Altria without prejudice.

5. According to 231 Pa. Code § 229(b)(1), a "discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave

Case ID: 230201627
Control No.: 23033055

of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance."

6.    Here, Plaintiff and Altria have stipulated in writing to the discontinuance.

7.    Therefore, pursuant to 231 Pa. Code § 229(b)(1), Plaintiff respectfully requests the Court dismiss Altria without prejudice from this matter.

CHAIKEN LYONS & GAYNIER

/s/ Kelsey L. Gaynier

DATE: March 14, 2023                BY:_____

                                              KELSEY L. GAYNIER, ESQ.
                                              ATTORNEY FOR PLAINTIFF

Case ID: 230201627
Control No.: 23033055

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 14, 2023, a true and correct copy of the foregoing Plaintiff's Rule 229(B)(1) Motion for Court Approval of Discontinuance Against Defendant Altria Group, Inc. was served *via* the Court's e-filing system on the following counsel of record:

**John M. Lyons, Esquire**
Shook, Hardy & Bacon L.L.P.
Citigroup Center
201 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
Email: jlyons@shb.com

CHAIKEN LYONS & GAYNIER

/s/ Kelsey L. Gaynier

DATE: MARH 14, 2023        BY:_____

KELSEY L. GAYNIER, ESQ.

Case ID: 230201627
Control No.: 23033055