IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN MIDDLETON COMPANY, ET AL. | : | NO. 23-1158 |

## MEMORANDUM

**Padova, J.**                                                                                        **May 11, 2023**

Plaintiff Charles Williams filed this products liability action in the Court of Common Pleas of Philadelphia County against Defendants John Middleton Company ("Middleton"), Leiga Import Corporation ("Leiga"), Altria Group, Inc., Amar Realty Co., Inc. ("Amar Realty") and Gas & Co, LLC, after he was allegedly injured by an explosion while attempting to light a cigar/cigarillo with a lighter. Although Plaintiff, Amar Realty, and Gas & Co, LLC are all Pennsylvania citizens, Middleton removed the case to this Court, asserting that we have diversity jurisdiction because Amar Realty and Gas & Co, LLC were fraudulently joined. Presently before the Court is Plaintiff's Motion to Remand. We held argument on the Motion on May 9, 2023 and, for the following reasons, we now deny the Motion.

## I.     BACKGROUND

The Complaint alleges that, on November 18, 2021, Plaintiff, a Pennsylvania citizen, purchased a pack of "Black and Mild" brand cigar/cigarillos and a LEIGA brand lighter from a "Gas n Go" convenience store at 27-33 Cobbs Creek Parkway in Philadelphia, Pennsylvania. (Compl. ¶ 10.) Shortly thereafter, Plaintiff attempted to light one of the Black and Mild cigars/cigarillos with the LEIGA lighter "when [the lighter's] flame and the cigar/cigarillo exploded in his face, . . . causing . . . injuries, including . . . 3rd degree burns to his body." (Id. ¶ 11.) According to the Complaint, Middleton designed, marketed, manufactured, and distributed

the Black and Mild brand of cigars/cigarillos, and Leiga designed, marketed, manufactured and distributed the LEIGA brand lighter.  (Id. ¶¶ 15-16.)  The Complaint further alleges that Amar Realty and Gas & Co, LLC were in the business of distributing and selling Black and Mild brand cigars/cigarillos and LEIGA brand lighters.  (Id. ¶ 17.)

Plaintiff commenced this civil action in the Philadelphia Court of Common Pleas, asserting claims of negligence, strict liability, and breach of warranty.  He rests his claims against Amar Realty and Gas & Co, LLC, the two non-diverse defendants, on assertions that the two defendants "sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce" the allegedly defective cigars/cigarillos and lighters, knew or should have known that the products were dangerous and defective, and warranted the products' safety for their intended use.  (Id. ¶ 53.)  Middleton filed a Notice of Removal on March 24, 2023, asserting that Plaintiff had fraudulently joined Amar Realty and Gas & Co, LLC in order to defeat diversity jurisdiction.[1]  On April 4, 2023, Plaintiff filed his Motion for Remand.

## II.   LEGAL STANDARD

"In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction."  In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006).  "[J]oinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant[s], or no real intention in good faith to prosecute the action against the defendant[s] or seek a joint judgment.'"  Id. (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)).  We may therefore find fraudulent

---

[1]  In the absence of Amar Realty and Gas & Co, LLC, there is complete diversity of citizenship because Plaintiff is a citizen of Pennsylvania, Middleton and Altria Group, Inc. are both citizens of Virginia, and Leiga is a citizen of California.  (Notice of Removal ¶¶ 11-13.)

joinder where the plaintiff's claims against the joined defendants are "wholly insubstantial and frivolous." Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992) (quoting Lunderstadt v. Colafella, 885 F.2d 66, 70 (3d Cir. 1989)).

"In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed," "assume as true all factual allegations of the complaint," and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Id. at 851-52 (quotations omitted). In addition, we "must not step from a threshold jurisdictional issue into a decision on the merits." Briscoe, 448 F.3d at 219 (quotation omitted). At the same time, we may look beyond the pleadings "to identify indicia of fraudulent joinder." Id. (citing Abels, 770 F.2d at 29); see also Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990) (suggesting that a "limited piercing of the allegations to discover fraudulent joinder" is permissible (citing Smoot v. Chi., Rock Island & Pac. R.R. Co., 378 F.2d 879 (10th Cir. 1967)). Thus, we may consider affidavits that have been submitted if they present undisputed facts that establish "with complete certainty" that the non-diverse defendant has no liability, such as if they "completely divorce[] the challenged defendant from the allegations" in the complaint. Lyall v. Airtran Airlines, Inc., 109 F. Supp. 2d 365, 368 n.8 (E.D. Pa. 2000) (citing Smoot, 378 F.2d at 881-82; see also Whitham v. Walmart Stores East, LP, Civ. A. No. 21-3287, 2021 WL 4745069, at *3 (E.D. Pa. Oct. 12, 2021) ("In arguing joinder was fraudulent, a removing defendant can rely on 'evidence outside the pleadings, including such supporting documents as affidavits and deposition transcripts.'" (quoting Yellen v. Teledne Cont'l Motors, Inc., 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011))). We may also consider "the absence of proof of a defendant's involvement in claimed conduct." Weaver v. Conrail, Inc., Civ. A. No. 09-5592, 2010 WL 2773382, at *7 (E.D. Pa. July 13, 2010) (citations omitted).

If we determine that the joinder of the only non-diverse defendants was fraudulent, we can "disregard, for jurisdictional purposes, the citizenship of [the] nondiverse defendants, assume jurisdiction over [the] case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Briscoe, 448 F.3d at 216 (quoting Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)).  On the other hand, if we determine that we do not have subject matter jurisdiction over the action because joinder of any one non-diverse defendant was not fraudulent, we must remand the case to state court.  Id. (citing 28 U.S.C. § 1447(c)).

## III.    DISCUSSION

Plaintiff asserts in his Motion to Remand that we lack diversity jurisdiction because he, Amar Realty, and Gas & Co, LLC are all Pennsylvania citizens, and he therefore argues that we should return the case to the Philadelphia Court of Common Pleas.  (Mot. for Remand ¶ 14.) Plaintiff specifically disputes Middleton's assertion that Amar Realty and Gas & Co, LLC were fraudulently joined, arguing that Middleton "is putting forth a serious fraud allegation . . . while providing absolutely no basis for it."  (Id. ¶ 10 (emphasis omitted); id. ¶ 15 ("Accusing a party of a criminal charge for the sole purpose of a removal argument is irresponsible, deceiving and bad faith." (emphasis omitted)).)  He also argues that Amar Realty and Gas & Co, LLC were not "joined" in this action, because they were named as Defendants in the first and only Complaint that he filed.  (Pl.'s Mem. at 1.)

However, it appears that Plaintiff misunderstands the standards applicable to fraudulent joinder because the question before us is not whether Plaintiff has committed criminal fraud or belatedly joined Amar Realty and Gas & Co, LLC in an amended complaint.  Rather, the question before us is whether Middleton has established that "there is no reasonable basis in fact or colorable ground supporting [Plaintiff's] claim[s] against the joined defendant[s]," such that the claims are

"wholly insubstantial and frivolous." <u>Batoff</u>, 977 F.2d at 851-52 (quotations omitted).   We consider this question with respect to each of the two Pennsylvania Defendants.

    **A.**      **Amar Realty**

    In support of its assertion that Amar Realty was fraudulently joined, Middleton has submitted a Declaration of Gurinder Syan, the co-owner of Amar Realty.  (Syan Decl., attached as Ex. C to Notice of Removal, ¶ 5.)  Syan admits in his Declaration that Amar Realty owns the property at 27-33 Cobbs Creek Parkway, also known as 6243 Chestnut Street.  (<u>Id.</u>)   He avers, however, that Amar Realty "does not market, supply, distribute or otherwise place in the stream of commerce any products whatsoever" and "has never marketed, purchased, or sold any tobacco products or lighters."  (<u>Id.</u> ¶ 6.)  In fact, according to Syan, Amar Realty does not even hold a license to sell tobacco products.  (<u>Id.</u> ¶ 7.)   Syan explains, under oath in his sworn Declaration, that Amar Realty is merely a real estate holding company that, for twenty years, has leased the property at 6243 Chestnut to a separate corporation that manages a gas and convenience store on the property.  (<u>Id.</u> ¶¶ 8-9.)

    As noted above, Plaintiff's claims against Amar Realty are grounded on allegations that Amar Realty was "regularly engaged in the business of distributing and selling the 'Black and Mild' brand cigars/cigarillos and 'LEIGA' brand lighters to the general public," and "sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce the . . . dangerous and defective" cigars/cigarillos and LEIGA lighters.  (Compl. ¶¶ 17, 53; <u>see also</u> <u>id.</u> ¶ 92 (alleging that Amar Realty "produced, sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce" the cigar/cigarillos and lighter).)  Middleton argues that the Syan Declaration makes clear that these allegations are "demonstrably false." (Notice of Removal ¶ 16.)  Moreover, Middleton argues, because Pennsylvania law only permits products liability

actions to be brought against sellers and manufacturers of defective products, it is clear that there is no reasonable basis in either fact or law to support a claim against Amar Realty, which neither sold nor manufactured the allegedly defective products.  See Thorpe v. Bollinger Sports, LLC, Civ. A. No. 14-4520, 2015 WL 5299614, at *5 (E.D. Pa. Sept. 9, 2015) (explaining that a Pennsylvania products liability claim grounded on negligence can only be brought against a defendant whose reasonable care could have prevented the plaintiff's injury and thus, the defendant must ordinarily "be identified as the manufacturer, distributor, or seller of the offending product" (quoting Mellon v. Barre-Nat'l Drug Co., 636 A.2d 187, 191 (Pa. Super. Ct. 1993))); Kimco Dev. Corp. v. Michael D's Carpet Outlets, 637 A.2d 603, 606 (Pa. 1993) ("Strict product liability is premised on the concept of enterprise liability for casting a defective product into the stream of commerce.").

In his Motion to Remand, Plaintiff does not acknowledge Syan's sworn statement that Amar Realty does not manufacture, market, or sell Black and Mild cigars/cigarillos or Leiga lighters, and he does not cite to any law suggesting that there is a legal basis to assert a products liability claim against an entity that neither sold nor manufactured an allegedly defective product. While he asserts that "public records" support his contention that Amar Realty "possessed, owned maintained, and controlled" the Gas n Go convenience store, the only records concerning Amar Realty that he attaches to his Motion are (1) a Pennsylvania Department of State record, showing that Amar Realty is a Pennsylvania corporation with a registered office at 6243 Chestnut Street, and (2) a City of Philadelphia property record showing that Amar Realty owns property at 27-33 Cobbs Creek Parkway, which contains a building described as "SERVICE STATION-SELF." (Mot. ¶ 6, Ex. A.)   These records in no way contradict Syan's sworn statements that Amar Realty is merely a real estate holding company that leased the premises to a third party, and they do not

support an assertion that Amar Realty sold, manufactured, or distributed the cigar/cigarillo and lighter at issue in this case.

Under these circumstances, we conclude based on Syan's uncontroverted sworn Declaration and Pennsylvania law that "there is no reasonable basis in fact or colorable ground supporting [Plaintiff's] claim[s] against the joined defendant," and that Plaintiff's claims against Amar Realty are "wholly insubstantial and frivolous."   Batoff, 977 F.2d at 851-52 (quotations omitted).  Indeed, the undisputed facts submitted establish "with complete certainty" that Amar Realty has no liability, because they "completely divorce[]" Amar Realty from the sale transaction giving rise to potential liability in this case.  Lyall, 109 F. Supp. 2d at 368 n.8 (citation omitted).  We therefore dismiss Amar Realty as a Defendant in this action on the basis of fraudulent joinder.

**B.      Gas & Co, LLC**

In support of its argument that Gas & Co, LLC was fraudulently joined, Middleton again points to the declaration of Syan attached to its Notice of Removal, in which Syan attests that, for twenty years, he has leased his property at 27-33 Cobbs Creek Parkway, also known as 6243 Chestnut Street, to a separate corporate entity that manages the gas and convenience store on the property.  (Syan Decl. ¶ 8.)   Syan states that the separate corporate entity that manages the store is not Gas & Co, LLC.   (Id. ¶ 9.)  In fact, he states that he has no relationship or knowledge of Gas & Co, LLC, and that Gas & Co, LLC does not conduct any business on his property.  (Id. ¶¶ 10-11.)

As he does with Amar Realty, Plaintiff grounds his claims against Gas & Co, LLC on allegations that the company "regularly engaged in the business of distributing and selling the 'Black and Mild' brand cigars/cigarillos and 'LEIGA' brand lighters to the general public," and "sold, marketed, supplied, distributed and/or otherwise placed in the stream of commerce the . . .

dangerous and defective" cigars/cigarillos and LEIGA lighters.  (Compl. ¶¶ 17, 53.)  Although the Complaint never alleges that Gas & Co, LLC owned or managed the Gas n Go store from which Plaintiff purchased the cigar/cigarillo and lighter at issue, Plaintiff asserts in his Motion to Remand that Gas & Co, LLC "possessed, owned, maintained and controlled th[e] 'Gas n Go' convenience store."  (Mot. ¶ 6.)

Relying on Syan's Declaration, Middleton asserts that Gas & Co, LLC has no connection to the store where Plaintiff claims he bought the cigar/cigarillo and lighter at issue in this case.  It therefore argues that there is no factual or legal basis for Plaintiff's claims against Gas & Co, LLC and that Gas & Co, LLC was fraudulently joined.

In his Motion, Plaintiff maintains that "Public record[s] show[] that . . . Gas & Co, LLC . . . . owned, controlled and maintained the convenience store [where] Plaintiff purchased th[e] cigar and lighter."  (Id. ¶ 11.)  However, the only public records that Plaintiff attaches to his Motion concern companies other than Gas & Co, LLC.  Specifically, Plaintiff attaches (1) a Pennsylvania Department of State record showing that a company called Gas & <u>Go</u> LLC (not the Defendant in this case) is a Pennsylvania LLC with a registered office in Feasterville, Pennsylvania, and (2) a Pennsylvania Department of State record showing that another company called Gas & <u>Go, Inc.</u> (also not the Defendant in this case) is a Pennsylvania corporation with a registered office at 29 Bala Avenue in Bala Cynwyd, Pennsylvania.[2]  (Mot. Ex. B.)  Accordingly, in spite of suggesting that he has public records that contradict Syan's affidavit, Plaintiff has not submitted any such

---

[2] Middleton has provided a supplemental declaration from Syan, stating that neither Gas & Go LLC nor Gas & Go, Inc. is the entity that manages the gas and convenience store, and that Amar Realty has no relationship with, or knowledge of, either Gas & Go LLC or Gas & Go, Inc. (Syan Suppl. Decl., attached as Ex. A to Middleton's Mem. in Opp. to Pl.'s Mot., ¶¶ 3-5.)

records.[3]  Thus, we can only conclude that Defendant Gas & Co, LLC does not rent or operate the convenience store at 6243 Chestnut Street.

Under these circumstances, Middleton has established that "there is no reasonable basis in fact or colorable ground supporting [Plaintiff's] claim[s] against [Gas & Co, LLC]," and that Plaintiff's claims against Gas & Co, LLC are "wholly insubstantial and frivolous."  Batoff, 977 F.2d at 851-52 (quotations omitted).  The undisputed facts submitted establish "with complete certainty" that Gas & Co, LLC has no liability, because the facts "completely divorce[]" Gas & Co, LLC from the sale transaction giving rise to potential liability in this case.  Lyall, 109 F. Supp. 2d at 368 n.8 (citation omitted).  We therefore dismiss Gas & Co, LLC as a Defendant in this action on the basis of fraudulent joinder.

## IV.   CONCLUSION

For the reasons stated above, we conclude that Middleton has met its substantial burden of establishing fraudulent joinder.  As a result, we "disregard, for jurisdictional purposes, the citizenship of [Amar Realty and Gas & Co, LLC], assume jurisdiction over [the] case, dismiss

---

[3] Plaintiff also attaches to his Motion a non-public document showing that he attempted to serve a company called "Gas & Co., Inc." (still not the named Defendant in this case) on March 6, 2023, at 29 Bala Avenue in Bala Cynwyd, and that the process server was unable to serve the Complaint because there was no Gas & Co., Inc. listed on the building directory at that address. (Mot. Ex D.)  Like the other records, there is nothing about this record that shows that Gas & Co, LLC has any relationship with the Gas n Go at 6243 Chestnut Street.

Immediately prior to our scheduled argument on the Motion to Remand, Plaintiff also filed an affidavit of service stating that he had served the Complaint on a fourth company called Gas & Go Enterprises.  Plaintiff stated at argument that this may be the entity that owns and/or operates that Gas n Go store at 6243 Chestnut Street.  However, Gas & Go Enterprises is not a named Defendant in this action.  We therefore disregard it for purposes of ascertaining our current subject matter jurisdiction over the case.  If Plaintiff subsequently amends the Complaint to add Gas & Go Enterprises as a defendant, we will consider its effect on our jurisdiction, if any, at that time. See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court.")

[Amar Realty and Gas & Co, LLC,] and thereby retain jurisdiction." <u>Briscoe</u>, 448 F.3d at 216 (quotation omitted).  Plaintiff's Motion to Remand is therefore denied.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.